UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA BOSSIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3115** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** | **SECTION: "G"(2)** |

### ORDER AND REASONS

In this litigation, Plaintiff Patricia Bossier ("Plaintiff") brings claims against Defendant Certain Underwriters at Lloyd's, London ("Defendant") for breach of insurance contract for failing to pay Plaintiff for damage to insured property during Hurricane Ida.[1] Before the Court is Defendant's "Motion Seeking Dismissal of Plaintiff's Action for Lack of Subject Matter Jurisdiction Under Fed.R.Civ.Pro. 12(B)(1)."[2] In this Motion, Defendant claims Plaintiff has not proven the amount in controversy requirement of $75,000 for each underwriting member of Plaintiff's insurance policy, and thus, the claim should be dismissed.[3] Plaintiff opposes the motion and argues that jurisdiction is proper because the amount in controversy is met for each syndicate.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 19.

[3] *Id.* at 2.

[4] Rec. Doc. 20.

1

## I. Background

This suit arises from Hurricane Ida, which struck Louisiana on August 29, 2021.[5] Defendant insured Plaintiff's property at 205 Wagonwheel Drive, Hanhville, Louisiana 70057 at the time Hurricane Ida made landfall.[6] Plaintiff made a claim with Defendant for damage to Plaintiff's property after Hurricane Ida.[7] Plaintiff claims Defendant breached the insurance contract by failing to pay Plaintiff for Plaintiff's losses.[8]

On August 3, 2023, Plaintiff filed suit against Defendant in this Court seeking payment for property damage, penalties, attorney's fees, consequential damages, costs, and any other relief permissible under Louisiana Law.[9] Plaintiff asserts that jurisdiction is proper under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.[10] It is undisputed the policy is subscribed to by a single syndicate, Canopius Syndicate 4444 ("Syndicate"), that has 217 individual underwriting members.[11] At issue is whether the amount in controversy requirement of $75,000 is met.[12] Plaintiff claims the requirement must only

---

[5] Rec. Doc. 1 at 3.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 2.

[11] Rec. Doc. 19-1 at 1; Rec. Doc. 20 at 2.

[12] 28 U.S.C. § 1332(a).

be met for the one Syndicate, while Defendant claims the requirement must be met for each individual underwriting member.[13]

## II. Parties' Arguments

### A.  *Defendant's Arguments in Support of the Motion*

Defendant argues the case must be dismissed under Federal Rules of Civil Procedure 12(b)(1) "because the Plaintiff cannot satisfy the requisite jurisdictional amount of $75,000 for each of the more than 200 underwriting members at Loyd's who severally subscribed to the policy."[14] Defendant claims that each underwriting member severally subscribes to a portion of the policy through administrative entities known as "syndicates."[15] Multiple underwriting members can subscribe to a policy through a syndicate.[16] Defendant asserts that Plaintiff must meet the amount in controversy requirement for however many underwriting members subscribe to the policy, regardless of how many syndicates are present.[17] In this case, Defendant alleges there are over 200 underwriting members that are part of a single syndicate subscribing to Plaintiff's policy.[18] According to Defendant, Plaintiff must meet the amount in controversy requirement of $75,000 for each of the over 200 underwriting members.[19] Defendant argues Plaintiff has not met

---

[13] Rec. Doc. 19-1; Rec. Doc. 20.

[14] Rec. Doc. 19-1 at 2.

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.*

[19] See *id.*

her burden in proving the amount in controversy for each underwriting member.[20] Thus, Defendant submits Plaintiff has not demonstrated subject matter jurisdiction of this Court.

B.      *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff cites *Four Blind Mice v. Certain Underwriters at Lloyd's, London*.[21] Plaintiff argues, in that case, this Court looked at the eight syndicates subscribed to the plaintiff's policy, finding the amount in controversy had not been met because one of the syndicates only held a small percentage of the risk, which reflected a value less than $75,000.[22] Plaintiff states the *Four Blind Mice* Court examined the amount in controversy for each syndicate, but not each individual underwriting member, and the same course of action should take place in this case.[23]

Lastly, Plaintiff claims treating the members of each syndicate separately for purposes of determining the amount in controversy would create "incongruity in the law."[24] Plaintiff cites *Bopp v. Indep. Specialty Ins. Co.*,[25] claiming it held, despite underwriting members subscribing to a syndicate being severally liable, "the doctrine of equitable estoppel requires insureds to arbitrate against all insurers subscribing to the policy if they acted interdependent and in concert on the claim."[26] Plaintiff asserts, here, all 217 members of the syndicate acted together on Plaintiff's

---

[20] See *id.*

[21] No. 23-4508, 2024 WL 3509558, at *3 (E.D. La. July 23, 2024) (Brown, C.J.).

[22] Rec. Doc. 20 at 3.

[23] *Id.*

[24] *Id.*

[25] 657 F.Supp. 3d 859, 864 (E.D. La. 2023) (Ashe, J.).

[26] Rec. Doc. 20 at 3 (internal citations and quotations omitted).

4

claim, and therefore, it "makes no sense to treat these members differently when the court is examining jurisdiction versus arbitration."[27]

### C. Defendant's Reply

Defendant takes issue with Plaintiff's characterization of the holding in *Four Blind Mice*. Defendant argues the case actually supports Defendant's argument that the jurisdictional amount in controversy must be met as to each individual underwriting member, and that nowhere in the case does it state the amount in controversy must be met only for each syndicate.[28]

Further, Defendant argues that *Bopp* does not apply to the issue before the Court.[29] Defendant claims the case was about whether a court should compel arbitration between parties and had nothing to do with the determination of whether diversity jurisdiction applies.[30] Thus, Defendant claims *Bopp* is inapplicable to this case.[31]

### III. Legal Standard

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure enable parties to challenge the subject matter jurisdiction of the district court.[32] Federal courts have diversity jurisdiction over a case if the parties are citizens of different states and the matter in controversy exceeds $75,000.[33] The party asserting federal jurisdiction bears the burden of proof that

---

[27] *Id.*

[28] Rec. Doc. 21 at 3.

[29] *Id.* at 4.

[30] *Id.*

[31] *Id.*

[32] *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001).

[33] *See* 28 U.S.C. 1332(a).

jurisdiction does in fact exist.[34] A lack of subject matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of undisputed facts.[35] A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.[36]

## IV. Analysis

In this case, neither party disputes that this is a civil matter between citizens of different states as required by 28 U.S.C. § 1332(a)(1). However, the parties disagree on how the amount in controversy of $75,000 must be demonstrated. Plaintiff claims the amount in controversy requirement must only be met as it relates to the one syndicate subscribing to the insurance policy.[37] On the other hand, Defendant asserts it must be met as to all 217 underwriting members subscribing to the plan through the syndicate.[38]

The Fifth Circuit has previously described the unique nature of Defendant Certain Underwriters at Lloyd's, London's operating model, finding that:

> Lloyd's of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. Thus, a policyholder insures *at* Lloyd's but not *with* Lloyd's. The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks.... Each Name is exposed to unlimited personal

---

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] Rec. Doc. 20 at 3.

[38] *See* Rec. Doc. 19-1 at 2.

liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Typically, hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint.[39]

Names subscribe to policies through what are known as "syndicates."[40] Syndicates are groups of Names that subscribe to policies for those groups in a given year.[41] Typical Lloyd's policies have multiple syndicates, with each syndicate made up of multiple subscribing Names.[42] In this case, the policy has only one Syndicate made up of 217 individual Names. The Fifth Circuit has affirmed Defendant's assertion that the $75,000 minimum must be met against each individual Name subscribing to a policy, no matter how many syndicates are present.[43] Given this precedent, the Court finds that Plaintiff may not aggregate her claims against individual Names, and therefore, must plead that the $75,000 jurisdictional amount is met for each Name. Plaintiff has not asserted facts or presented evidence which would indicate that the amount in controversy is met as to all Names sued under the policy. As such, the Court finds that federal subject matter jurisdiction is lacking, and Plaintiff's claims must be dismissed.

---

[39] *Corfield v. Dallas Glenn Hills LP,* 355 F.3d 853, 857–58 (5th Cir. 2003).

[40] *Id.* at 858.

[41] *Id.*

[42] *Id.*

[43] *See Team One Properties LLC v. Certain Underwriters at Lloyd's London*, 281 Fed. App'x. 323, *1 (5th Cir. 2008). *See also G&M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, No. 07-4883, 2008 WL 215842 (E.D. La. January 23, 2008) (Barbier, J.); *McAuslin v. Grinnell Corp.*, No. 97-775, 2000 WL 1059850 (E.D. La. August 1, 2000) (Vance, J.); *Rips, LLC v. Underwriters at Lloyd's London,* 2015 WL 2452339 (E.D. La. May 21, 2015) (Berrigan, J.); *Baldwin v. Certain Underwriters Lloyds London,* No. 23-583, 2023 WL 6466197, at *3 (M.D. La. Oct. 4, 2023) (Wilder-Doomes, M.J.) (collecting cases).

## V. Conclusion

For the reasons discussed above, the Court concludes Plaintiff has not satisfied the amount in controversy requirement for all underwriting members of the insurance policy. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion Seeking Dismissal of Plaintiff's Action for Lack of Subject Matter Jurisdiction Under Fed.R.Civ.Pro. 12(B)(1)"[44] is **GRANTED.** Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this 1st day of October, 2024.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[44] Rec. Doc. 19.